IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CV-433-FL

| | | |
|---|---|---|
| HARGROVE, BRANDEN D, Trustee for HARGROVE EMPIRE IRREVOCABLE TRUST, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion for reconsideration (DE 7) of the court's July 28, 2025, order denying plaintiff's emergency motion to stay cancellation and for preliminary injunctive relief.

Plaintiff has not demonstrated a basis for reconsideration of the court's order. Plaintiff asserts the court erred due to a "misunderstanding of Plaintiff's standing." (Pl's Mot. (DE 7) at 1). Plaintiff cites cases for the proposition that a trustee has "standing to sue on behalf of the trust," and "in his own name . . . [and] in his own right." (Id. at 2 (citing Matter of Richman, 104 F.3d 654, 657 (4th Cir. 1997) and United States v. 936.71 Acres of Land, More or Less, in Brevard Cnty., State of Fla., 418 F.2d 551, 556 (5th Cir. 1969)).

However, the premise of plaintiff's argument is flawed. Plaintiff has conflated his standing to sue as a trustee with his ability to appear pro se as a trustee. It is well established that a litigant may not appear pro se on behalf of any "artificial entity." Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201 (1993). Every court of appeals to have

addressed this issue has applied this rule specifically to bar a trustee from appearing pro se, notwithstanding the standing of a trustee to sue on behalf of a trust. See, e.g., J.J. Rissell, Allentown, PA Tr. v. Marchelos, 976 F.3d 1233, 1236 (11th Cir. 2020) (holding "a nonlawyer trustee has no authority to represent a trust in court," and would be "engaged in the unauthorized practice of law if allowed to appear pro se as a nonlawyer"); Marin v. Leslie, 337 F. App'x 217, 219 (3d Cir. 2009) (cautioning against "conflat[ing] standing with the rule of law prohibiting a pro se litigant from pursuing claims on another's behalf," holding "a trustee cannot proceed pro se on behalf of a trust," and stating that "[t]o assert these claims on behalf of the trust, [the pro se plaintiff] would need to retain counsel"); Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) (holding "[a] nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States"); C.E. Pope Equity Tr. v. United States, 818 F.2d 696, 697–98 (9th Cir. 1987) (holding that a trustee "may not claim that his status as trustee includes the right to present arguments pro se in federal court").

Accordingly, plaintiff has not demonstrated the court erred in denying his motion due to a lack of likelihood of success on the merits. Plaintiff also has not demonstrated a basis for reconsidering denial of that part of the motion seeking temporary relief or stay prior to appearance of defendant.

Plaintiff suggests in his motion that he wishes to amend his complaint to change his designation in the caption from "Trustee for" to "Trustee of." (Pl's Mot. (DE 7) at 1). This change has no bearing on the court's analysis herein. However, to the extent plaintiff seeks to amend his complaint, he may do so in accordance with the Federal Rules of Procedure. See, e.g., Fed. R. Civ. P. 3, 7, 8, 10, 15(a)(1). If plaintiff then wishes to proceed with this action, he must effectuate

service of process and the pleadings must be framed, before further proceedings in this action, if any, are warranted. <u>See</u> Fed. R. Civ. P. 4, 65(a)(1).

## CONCLUSION

Based on the foregoing, plaintiff's motion (DE 7) is DENIED.

SO ORDERED, this the 29th day of July, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge